**Linda MASON, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 85–3904**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

June 23, 1986.

As Amended June 24, 1986.

Leon B. Cheek, III, Casselberry, Fla., for plaintiff-appellant.

Kendell W. Wherry, Asst. U.S. Atty., Orlando, Fla., for defendant-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

GODBOLD, Chief Judge:

Mason appeals from the district court's judgment affirming the determination of the Secretary that she is not entitled to social security disability benefits because she is able to do sedentary work as defined by 20 C.F.R. § 404.1567(a). In making his determination the Administrative Law Judge (ALJ), whose findings were adopted by the Secretary, did not consider Mason's subjective complaints of pain. We reverse and remand to the district court with instructions to remand to the Secretary.

Mason injured her back while moving a box of wet plaster on November 24, 1980. She was employed as an apartment house manager and previously had worked as a sales person, a floral designer, and a bookkeeper. She asserts that her back injury causes her pain substantial enough to preclude her returning to these or any other line of work.

The following evidence was adduced at the hearing before the ALJ. Mason was hospitalized immediately after her injury. While in the hospital she underwent a lumbar venogram that revealed a medial displacement of the anterior internal venous plexus with nonfilling of its radicular branch at the L5–S1 level on the right. On March 21, 1981 she underwent a laminectomy and foraminotomy to correct this problem. A lumbar myelogram performed ten days later was normal.

Beginning a year later, in March 1982, Mason was examined separately by Drs. Kim, Schaeffer and Pearson. At her next to last visit to Dr. Schaeffer he observed:

> Examination today indicates a very anxious, tearful individual who appears to be in some physical distress. Examination of her spine indicates considerable loss of normal lumbosacral motion and considerable paravertebral muscle spasm in the low back area. She cannot stand erect. Lumbosacral spinal motion is severely limited due to pain and discomfort. The pain is rather diffuse and not confined to the sciatic notch areas. In general, the entire lower lumbar area is painful. Straight leg test does produce pain bilaterally. The pain is suggestive of sciatica. Straight leg test is positive on the right at about 45° and 60° on the left. Again the right Achille's reflex is diminished. However, muscle strength appears to be good. There is no evidence of any sensory or circulatory problems. The patient can hardly ambulate due to the pain in the low back area.

R. 408.

Mason visited Dr. Pearson for disability evaluation. He observed that Mason "has had a long history of back difficulties. She has only had one surgical procedure. She has had no improvement subsequent to the surgery." R. 410. He diagnosed that she was suffering from "degenerative disc disease of the lumbosacral spine," and concluded that "it would be difficult for her to maintain the requirements of her previous gainful employment as an apartment manager." *Id.* After three more visits to Dr. Pearson he noted:

> Today, she comes with a cane with a cane [sic] bent over with severe pain, a remarkable regression. She has tender-

ness throughout her low back.... We will place her on some Nalfon and she is taking antidepressants. I want to discontinue the therapy as this is not affording her any significant improvement in symptomatology." *Id.*

At a hearing before the ALJ Mason testified as to the extent of her pain. She stated that she had difficulty walking or standing, that she was most comfortable when lying down, and that her pain is "excruciating and I don't have control over my body (inaudible) to do the movements necessary for dressing and undressing, going places or doing anything." R. 53.

The ALJ undertook the analysis delineated in 20 C.F.R. § 404.1520. He found that Mason was not working. He concluded that "[t]he medical evidence shows that claimant's condition is not attended by clinical findings that meet or equal in severity the requirements of Appendix 1, Subpart P or Regulations no. 4." R. 17. Next, he found that the "medical evidence shows claimant is status lumbar laminectomy with psychogenic pain syndrome and depression without psychotic features," and that Mason "has very little objective orthopedic problems and appears to have over reacted to her physical disorder with histronic overlay." R. 18. Based on these findings he held that Mason could return to her former job as a bookkeeper. *Id.* As an alternative basis for denying benefits the ALJ held that Mason could perform sedentary work and that she had no transferable work skills, and, applying these findings along with Mason's age and educational background to the relevant "grid" regulations, concluded that Mason was not disabled.

There is no indication that the Secretary or the ALJ, whose opinion was adopted by the Secretary, took into consideration Mason's testimony of pain. The ALJ reached his decision May 16, 1983 and the Appeals Council denied review September 9, 1983. The appeal to the district court was filed in November 1983. In 1984 Congress established a new and temporary standard for evaluating subjective evidence of pain. 42 U.S.C. § 423(d)(5)(A). This circuit has held that Congress intended the new standard

to apply to all cases then pending either before the Secretary or the courts. *Landry v. Heckler,* 782 F.2d 1551 (11th Cir. 1986). This standard requires the Secretary to consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) "objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) [that] the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain." S.Rep. No. 466, 98th Cong., 2d Sess. 24. The ALJ's other findings are insufficient to discharge the Secretary's burden. They indicate that Mason is suffering from both physical and psychological problems, but they do not indicate that the medical evidence, *i.e.,* the physicians' and psychiatrists' reports, do not support the level of pain Mason testified that she suffered or that the problems that the doctors found to exist could not reasonably be expected to cause disabling pain.

REVERSED and REMANDED with instructions to remand to the Secretary.