Wanda J. MILLS, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. Civ. 99–27–P–H.

United States District Court, D. Maine.

Feb. 1, 2000.

Francis Jackson, Jackson & Macnichol, Portland, ME, for plaintiff.

James M. Moore, Office of the U.S. Attorney, Bangor, ME, Richard H. Fox, Assistant Regional Counsel, Office of Chief Counsel, Boston, MA, for defendant.

## MEMORANDUM AND ORDER MODIFYING THE MAGISTRATE JUDGE'S RECOMMENDED DECISION

HORNBY, Chief Judge.

This case raises an interesting administrative law question that the Court of Appeals for the First Circuit has not addressed. The question has divided the other Circuit Courts of Appeals. Specifically, when the Appeals Council of the Social Security Administration declines to review an Administrative Law Judge's decision, can a federal court consider evidence submitted to the Appeals Council after the Administrative Law Judge has rendered the decision? The answer, I conclude, is no. I also address the interpretation of medical data, the psychiatric review technique form and waiver.

### PROCEDURAL HISTORY

Wanda Mills filed an application for Social Security disability benefits alleging that she was disabled due to a combination of mental and physical impairments. The Administrative Law Judge denied her claim. Mills requested that the Appeals Council review the Administrative Law Judge's negative decision, and submitted additional evidence. The Appeals Council

1. Why Judge Doyle sent this additional letter and whether Judge Doyle was speaking on behalf of the Appeals Council are mysteries unanswered by the record. Under the regulations, an Appeals Judge may rule independently: "*Appeals Council* means the Appeals Council of the Office of Hearings and Appeals in the Social Security Administration or such member or members thereof as may be designated by the Chairman." 20 C.F.R § 416.120(b)(2). But there is no evidence in the record to indicate whether Judge Doyle was designated to write this letter by the Chairman. Because the Appeals Council may deny a request for review of an Administrative Law Judge's decision without articulating its reasoning, the subsequent letter was not required to clarify the Appeals Council's reason-

denied review in a form letter acknowledging receipt of the additional evidence. (R. 5). Finally, Appeals Judge Mary F. Doyle, the signer of the form letter, wrote a later letter that listed the additional evidence that had been submitted and stated that "[t]he findings in these reports are consistent with those in the record before the Administrative Law Judge, and thus these reports do not provide a basis for disturbing that decision." (R. 4).[1]

Mills timely sought judicial review pursuant to 42 U.S.C. § 405(g). Magistrate Judge Cohen issued a Report and Recommended Decision recommending that the decision be vacated and the case remanded for further proceedings. The defendant timely filed objections to the Magistrate's Recommended Decision.

### DISCUSSION

#### (1) Scope of Review

The Magistrate Judge concluded that the new evidence submitted to the Appeals Council, a medical progress note dated more than six months after the Administrative Law Judge's decision, required remand to determine whether the symptoms of a panic disorder should be factored into an evaluation of Mills's residual functional capacity. In that respect, the Magistrate Judge's ruling reviewed the Appeals Council's decision to deny review.[2]

ing. *Damato v. Sullivan*, 945 F.2d 982, 989 (7th Cir.1991). However, all parties and the Magistrate Judge have presumed that Judge Doyle's letter was issued on behalf of the Appeals Council. Because I find that the letter is consistent with a denial of review, my analysis is the same regardless of whether Judge Doyle acted on behalf of the Appeals Council.

2. The Magistrate wrote: "As part of [her] claim, the plaintiff contends that the Appeals Council erred in failing to remand this case upon presentation of new evidence revealing a diagnosis of panic disorder with a strong agoraphobic quality.... I agree." Recommended Decision at 3–4.

■ Federal courts can review only the "final" decision of the Commissioner of Social Security. 42 U.S.C. § 405(g). An Administrative Law Judge's decision is the "final" decision of the Commissioner unless the Appeals Council decides to grant review. 20 C.F.R. § 416.1481. If the Appeals Council grants review, then its later decision becomes the "final" decision of the Commissioner for purposes of judicial review. *Id.* If it declines review, however, then the Administrative Law Judge's decision remains the final decision for review. *Id.* The United States Supreme Court has held that a federal court cannot review the Secretary's decision declining to reopen a claim. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

Here, Mills's argument can prevail only if the Appeals Council was required to take into account the substance of the new evidence. The Circuits have divided on what consideration a federal court should afford to new evidence presented to the Appeals Council when the Appeals Council denies review of the Administrative Law Judge's decision. *See Falge v. Apfel,* 150 F.3d 1320, 1322–23 (11th Cir.1998) (citing cases). The Second, Eighth and Tenth Circuits review the Administrative Law Judge's decision on the basis of all the evidence in the record, including the new evidence the Administrative Law Judge did not see. *Perez v. Chater,* 77 F.3d 41, 44 (2d Cir.1996); *Riley v. Shalala,* 18 F.3d 619, 622 (8th Cir.1994); *O'Dell v. Shalala,* 44 F.3d 855, 859 (10th Cir.1994). The Sixth, Seventh and Eleventh Circuits choose to review the new evidence when the Appeals Council decides the merits of the case but not when the Appeals Council denies review. *Eads v. Secretary of Dep't*

of Health and Human Services, 983 F.2d 815 (7th Cir.1993); *Cotton v. Sullivan,* 2 F.3d 692, 696 (6th Cir.1993); *Falge,* 150 F.3d at 1323.

I agree with the Sixth, Seventh and Eleventh Circuits. When the Appeals Council denies review, the final decision of the Commissioner for purposes of judicial review is that of the Administrative Law Judge, and the validity of that decision depends on evaluating the evidence as it was before the Administrative Law Judge, not as it was before the Appeals Council. *See Eads,* 983 F.2d at 817. (Judicial review of the administrative decision *not* to review is available only if the Appeals Council's decision rested on a mistake of law or if it failed to comply with procedural requirements of the regulations.[3] *Browning v. Sullivan,* 958 F.2d 817, 822–23 (8th Cir.1992). Neither of those factors pertains here.)

Therefore, the decision of the Administrative Law Judge here is the "final" decision of the Commissioner and must be upheld if the decision is supported by substantial evidence. 42 U.S.C. § 405(g).[4] Without the new evidence, substantial evidence in the record clearly supported the Administrative Law Judge's decision.

## 2. Evaluation of Medical Data

The Magistrate Judge also concluded that the Administrative Law Judge improperly discounted the physical residual functional capacity findings of record and that the Administrative Law Judge relied instead on his own interpretation of raw medical data to bolster his findings that Mills's knee condition imposed no function-

---

3. The Appeals Council may preliminarily examine the evidence to determine whether it will review a case without either reopening the case or rendering a new final decision. *See Banta v. Sullivan,* 925 F.2d 343, 345 (9th Cir.1991) (citing cases); *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992). If a decision is made to review a case, the claimant receives notice of the issues to be considered. 20 C.F.R. § 416.1473.

4. Under section 405(g), a court "may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). No such showing has been made here.

al limitations. Recommended Decision at 5–6.

■ The Administrative Law Judge is not permitted to assess a claimant's residual functional capacity by interpreting raw data in the medical record *unless* the evidence in the record suggests a relatively mild impairment that a lay person would find poses no significant restrictions on the claimant. *See Manso–Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15, 17–18 (1st Cir.1996). Mills claimed that she has problems with her right knee; she stated that when she walks one block, her right knee "goes out." (R. 218–19). Dr. Doane, an examining physician, found that there was no tenderness and no effusion in her knee. (R. 219). According to Dr. Doane, Mills had "good" motor strength, a normal gait, no muscle spasm, and no atrophy of the right leg. (R. 219–20). He further found that Mills had good stability in her knee in all directions and concluded that she would have no problem sitting, bending, carrying or lifting objects. (R. 219–20). His only qualifications were that (1) she *may* have mild arthritis in her knee, although there was no objective evidence;[5] (2) she *may* have difficulty standing for more than several hours at a time; and (3) she *may*, according to her reports, have problems walking for more than one block without

stopping. (R. 220) (emphasis added). The record also contains physical assessments by two State Agency physicians who did not personally examine Mills, but reviewed the record and found no significant impairment in her right knee. (R. 168, 182).

■ I conclude that the Administrative Law Judge did not improperly interpret raw medical data on his own in finding no functional limitations; both non-examining physicians agree that there is no significant limitation.[6] From the record before the Administrative Law Judge, there was no *medical* evidence about Mills's functioning contrary to these assessments.[7] Moreover, even if the Administrative Law Judge did not rely upon the interpretation of reports by the Agency physicians, he could make a common sense judgment as to Mills's limitations because the medical evidence suggested a relatively mild impairment posing no significant restrictions. *See Manso–Pizarro*, 76 F.3d at 17–18.

### (3) The Administrative Law Judge's failure to complete the Psychiatric Review Technique Form

■ In a footnote, the Magistrate Judge notes that remand presents an opportunity to complete the third and fourth categories of the psychiatric review technique form. (R. 40). Under 20 C.F.R. § 416.920a(d), the Administrative Law Judge is supposed

---

5. Under the regulations, arthritis of a major joint requires the existence of objective medical evidence. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1A 1.02, 1.03.

6. The Administrative Law Judge may, in some cases, properly reach a conclusion based solely on the reports of non-testifying, non-examining physicians. *See, e.g., Berrios Lopez v. Secretary of Health and Human Services*, 951 F.2d 427, 431 (1st Cir.1991). Although Dr. Doane concedes that Mills *may* have difficulties standing for an extended period or walking without stopping, he never concludes that these are significant limitations. The two non-examining physicians reviewed the record, including his findings, and both concluded that the medical symptoms evaluated did not significantly limit her. Therefore, in this case, the opinions of Dr. Doane and of the

agency physicians did not significantly conflict. The agency physicians' reports were reasonable interpretations of Dr. Doane's, and the Administrative Law Judge was entitled to rely upon the finding of no significant limitation.

7. In April 1986, Mills had a full range of motion in all her extremities. (R. 189). In June 1987, Mills reported to a physician and a social worker that she had occasional knee pain, but both found that she showed a good range of motion. (R. 192, 195–96). In December, 1992, Mills had no joint pain and was able to walk without difficulty. (R. 202). Further, Dr. Doane's qualifying statements that Mills *may* have problems standing for an extended period or walking without stopping were not specific findings that Mills was in fact so limited.

to complete a standard document in concluding that a mental impairment exists. 20 C.F.R. § 416.920a(d). In completing the psychiatric review technique form here, the Administrative Law Judge evaluated Mills's dysthymic disorder (12.04), her personality disorder (12.08), and her substance abuse disorder currently in remission (12.09). (R. 39). Although the Administrative Law Judge neglected to check the boxes in two parts of the form, his written findings detailed in his opinion make clear that he was finding against the plaintiff as to the necessary functional limitations required for a disability. *See* Findings 3, 5, 8–10 (R.15–16). Not only is this conclusion supported by the record; in fact, there is no medical support within the record to reach a contrary conclusion. Under these circumstances, the ministerial omission to complete the two boxes does not support a remand.

### (4) Waiver

 Before the Magistrate Judge, Mills for the first time argued that the Administrative Law Judge should not have assumed that she had past relevant work experience given her extremely sporadic work history. The Commissioner objected to this argument, claiming that Mills had waived it by failing to argue it before the Administrative Law Judge or the Appeals Council. The Magistrate Judge agreed with the Commissioner and held that Mills had waived this argument by failing to raise it before the Appeals Council. Recommended Decision at 6–7. Mills claims this holding was in error.

I conclude that because Mills failed to raise this argument before the Administrative Law Judge, the final decisionmaker in this case, she has waived it. *See, e.g., Johnson v. Apfel,* 189 F.3d 561, 562 (7th

---

8. I note that the Supreme Court has granted *certiorari* to consider whether a federal court may impose an issue exhaustion requirement on Social Security claimants that would bar issues that were not specifically raised before the Appeals Council. *See* 68 U.S.L.W. 3345 (U.S. Nov. 29, 1999) (No. 98–9537); *Sims v.*

Cir.1999). *Johnson* corresponds with the decisions of the First Circuit in this area. The First Circuit has repeatedly stressed that the failure to raise an argument during administrative proceedings constitutes a waiver, subject to a few exceptions such as issues that are jurisdictional or constitutional in nature or "otherwise so compelling as to require judicial review." *Northern Wind, Inc. v. Daley,* 200 F.3d 13, 17 (1st Cir.1999); *Commonwealth of Massachusetts, Dep't of Public Welfare v. Secretary of Agriculture,* 984 F.2d 514, 523–24 (1st Cir.1993); *Gonzalez–Ayala v. Secretary of Health and Human Services,* 807 F.2d 255, 256 (1st Cir.1986) (per curiam).[8] Mills has not argued that she falls within one of the exceptions.

### CONCLUSION

In all other respects, I agree with the conclusions of the Magistrate Judge. The decision of the Secretary is AFFIRMED.

So ORDERED.

---

*Apfel,* No. 98–60126, 1998 WL 1181205 (5th Cir. Nov.6, 1998). That decision is unlikely to affect this case because the role of the Appeals Council in the administrative structure is different from that of the Administrative Law Judge, the level where Mills waived her argument.