Martha A. BECHTOLD, Plaintiff,

v.

Larry G. MASSANARI, Acting Commissioner of Social Security,[1] Defendant.

No. Civ.A. 8:99CV902T17F.

United States District Court, M.D. Florida.

May 10, 2001.

1. Kenneth S. Apfel was the original defendant in this action. On January 20, 2001, he was succeeded by William A. Halter. On March 29, 2001, President George W. Bush designated Larry G. Massanari as acting commissioner of the Social Security administration. The named defendant in this action has changed accordingly. Fed.R.Civ.P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency ... ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party."); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

Michael Alan Steinberg, Michael A. Steinberg & Assoc., Tampa, FL, for Plaintiff.

Steven A. Nisbet, Susan R. Waldron, U.S. Attys. Office, Tampa, FL, Mary Ann Sloan, Gen. Counsel's Office, Atlanta, GA, for Defendant.

## MEMORANDUM AND ORDER

WILLIAM G. YOUNG, District Judge.[2]

This is an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The plaintiff, Martha A. Bechtold ("Bechtold"), seeks judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying her application for a period of disability and disability insurance benefits.

## I. BACKGROUND

### A. Statement of Facts

#### 1. Medical History

On August 16, 1995, Bechtold was involved in an automobile accident in which she injured her ribs and her right forearm, wrist, hand, and foot. Tr. 132–33. Immediately following the accident, Bechtold received treatment in the emergency room at University Community Hospital. Tr. 132. The emergency room physician, Dr. Robert Honegger ("Dr. Honegger"), anesthetized and sutured Bechtold's lacerations and recommended a splint and ice for her forearm, wrist, and hand. Tr. 134. He also prescribed Vicodin for pain. Tr. 134. X-rays taken at Dr. Honegger's request ruled out the presence of fracture in her right foot, wrist, and hand. Tr. 144.

Bechtold received follow-up care from her personal physician, Dr. Bruce A. Kahan ("Dr. Kahan"), on August 18 and 23, 1995. Tr. 171–74. Dr. Kahan noted pain in Bechtold's right forearm and inflammation in her right hand, Tr. 171, 174, and referred her to the Tampa Bay Hand Center (the "Hand Center"), Tr. 158, 171.

On August 25, 1995, Bechtold began treatment with Dr. Cecil C. Aird at the Hand Center. Tr. 158. At that time, she reported pain and numbness in her right hand. Tr. 158. On December 13, 1995, Bechtold underwent minor surgery to remove a foreign body from her hand. Tr. 152.

On September 14, 1995, Bechtold began treatment with Dr. David J. Schulak ("Dr. Schulak") at the Tampa Orthopedic Clinic for pain in her right shoulder, which purportedly bothered her at night and with increased activity. Tr. 205, 207. Dr. Schulak noted that Bechtold had a full range of motion in her shoulder and no shoulder deformity. Tr. 207. Following an x-ray, Dr. Schulak diagnosed Bechtold with post-traumatic tendonitis and asymptomatic mild bony impingement syndrome. Tr. 207. He injected her for pain relief and recommended non-steroidal anti-inflammatory drugs, modification of activity, and cuff-strengthening exercises. Tr. 207.

In November 1995, Bechtold underwent an arthroscopy. Tr. 192. After the sur-

---

**2.** Of the District of Massachusetts, sitting by designation.

gery, Dr. Schulak noted that Bechtold's recovery was satisfactory, but that progress was slow. Tr. 204. Bechtold continued to do well, however, until February 6, 1996, when she reinjured her shoulder during a seizure caused by an insulin overreaction. Tr. 146–47, 203. Dr. Schulak prescribed a sling and pain medication, and advised Bechtold to undergo a second arthroscopy. Tr. 198–99, 203. Dr. Schulak did not indicate that Bechtold was unable to return to work, but he placed a permanent restriction on prolonged standing and overhead reaching. Tr. 203. At Dr. Schulak's recommendation, Bechtold received physical therapy from March to July 1996 in order to improve her range of motion and decrease her pain. Tr. 214–15. By June 1996, Dr. Schulak no longer recommended surgery and instead stated that Bechtold might reach maximum medical improvement in two months. Tr. 195.

As of November 1, 1996, Bechtold continued to report persistent pain in her right shoulder and an inability to actively flex the shoulder. Tr. 191. On November 12, 1996, Bechtold underwent an arthrogram, which indicated moderately severe adhesive capsulitis. Tr. 188.

In February 1997, Bechtold began treatment with Dr. Mark Frankle ("Dr. Frankle"). Tr. 212–13. At Dr. Frankle's request, an MRI scan of Bechtold's shoulder was performed, which indicated a full thickness rotator cuff tear. Tr. 213. Dr. Frankle recommended that Bechtold undergo an arthroscopy, but the medical record contains no treatment notes with respect to the performance of such a surgery. Tr. 213.

In addition to her orthopedic impairments, Bechtold suffers from Type I diabetes mellitus, primary hypothyroidism, and obesity. Tr. 173–74, 207, 223. She has been prescribed insulin for her diabetes and Synthroid for her hypothyroidism. Tr. 173. In August 1995, Bechtold began to experience problems controlling her diabetes and had frequent hypoglycemic episodes. Tr. 121. After an adjustment in her medication, however, no further problems are noted in the medical record. Tr. 221–23.

2. **Education and Past Relevant Employment**

Bechtold was born on April 8, 1946 and was fifty-one years old on the date of the administrative hearing. Tr. 34, 86. She attended two years of junior college and obtained an associate degree in liberal arts. Tr. 35, 56. Before the alleged onset of her disability, Bechtold held several jobs in retail sales as well as a position at her husband's insurance company in which she filed insurance documents and answered the phone when the receptionist was on another line. Tr. 37–40, 97.

**B. Administrative Proceedings**

On July 2, 1996, Bechtold filed an application for disability insurance benefits, Tr. 86–89, alleging disability as of August 16, 1995, Tr. 86. The Commissioner denied Bechtold's claim both initially and upon reconsideration. Tr. 70–73, 76–79. Bechtold timely requested a hearing before an administrative law judge. Tr. 80–81. The administrative law judge conducted a hearing on August 4, 1997, Tr. 31–67, and after considering the case de novo, held, on January 3, 1998, that Bechtold was not disabled within the meaning of the Social Security Act. Tr. 11–20. Specifically, the administrative law judge found that Bechtold's subjective complaints of pain were disproportionate to the medical evidence and were not fully credible, and that Bechtold had the residual functional capacity to perform a limited range of sedentary work, including her past relevant work. Tr. 18–19. On February 26, 1999, the Appeals Council denied Bechtold's request

for review of the decision of the administrative law judge. Tr. 5–6. The decision of the administrative law judge therefore became the final decision of the Commissioner with respect to Bechtold's claim. 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a Social Security disability benefit determination is limited under 42 U.S.C. § 405(g), which provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." *Id.; see also Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir.1990); *Allen v. Bowen,* 816 F.2d 600, 602 (11th Cir. 1987); *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson,* 402 U.S. at 401, 91 S.Ct. 1420 (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 [1938]); *accord Walden v. Schweiker,* 672 F.2d 835, 838–39 (11th Cir.1982). In *McRoberts v. Bowen,* 841 F.2d 1077 (11th Cir.1988), the Eleventh Circuit further delineated this standard, stating that substantial evidence "must do more than create a suspicion of the existence of the fact to be established," *id.* at 1080 (quoting *Walden,* 672 F.2d at 838).

This Court is therefore called upon to determine whether substantial evidence exists in the record as a whole to support the findings of the Commissioner. *Tieniber v. Heckler,* 720 F.2d 1251, 1253 (11th Cir.1983) (per curiam); *Smallwood v. Schweiker,* 681 F.2d 1349, 1351 (11th Cir. 1982); *Walden,* 672 F.2d at 838. The Court has a duty to "scrutinize the record" in full in order to assess "the reasonableness of the decision reached." *Bridges v.*

*Bowen,* 815 F.2d 622, 624 (11th Cir.1987) (per curiam). "It is incumbent upon the reviewing court to examine the findings and decision of the [Commissioner] in light of the record in its entirety, not only that evidence which supports the decision." *Lamb v. Bowen,* 847 F.2d 698, 701 (11th Cir.1988) (citing *Owens v. Heckler,* 748 F.2d 1511 [11th Cir.1984] [per curiam]; *Boyd v. Heckler,* 704 F.2d 1207, 1209 [11th Cir.1983], *superseded by statute on other grounds as stated in Elam v. R.R. Ret. Bd.,* 921 F.2d 1210, 1214 [11th Cir.1991]; and *Harrell v. Harris,* 610 F.2d 355 [5th Cir.1980] [per curiam]).

"A determination that is supported by substantial evidence may be meaningless, however, if it is coupled with or derived from faulty legal principles." *Boyd,* 704 F.2d at 1209. Thus, the Court must also be satisfied that the Commissioner applied the correct legal standards in making his decision. *Id.; Wiggins v. Schweiker,* 679 F.2d 1387, 1389 & n. 3 (11th Cir.1982). The Commissioner's determination of the proper legal standards to be applied is not entitled to a presumption of validity, *Bridges,* 815 F.2d at 624, and failure by the Commissioner to apply the correct legal standards is grounds for reversal, not remand, in most instances, *Bowen v. Heckler,* 748 F.2d 629, 635–36 (11th Cir.1984).

The scope of this Court's review is constrained by the Eleventh Circuit's instruction in *Martin:* The Court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. *Martin,* 894 F.2d at 1529.

The claimant, Bechtold, bears the initial burden of establishing through credible evidence that she was disabled within the meaning of the Social Security Act. *Gibson v. Heckler,* 762 F.2d 1516, 1518 (11th Cir. 1985) (per curiam). Under the Social Se-

curity Act, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The statute further provides:

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . .

*Id.* § 423(d)(2)(A). Thus, evidence of an impairment is alone insufficient to justify an award of benefits. The claimant must also point to evidence in the record that demonstrates that the impairment prevented him from engaging in any substantial activity. *Gibson,* 762 F.2d at 1518.

The Social Security Administration has promulgated regulations that have defined this determination of disability as a five-step analysis. *See* 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether the claimant is currently employed. *Id.* Second, the Commissioner determines whether the claimant has an impairment that prevents the performance of basic work activities. *Id.* Third, the Commissioner determines whether the claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. *Id.* Fourth, the Commissioner determines whether the claimant's impairment prevents him from satisfying the physical and mental demands of his past work. *Id.* Finally, the Commissioner determines whether the

claimant's age, education, and past work experience prevent the performance of any other work in the economy. *Id.* Under this sequential analysis, the Commissioner's duty ends as soon as he is capable of determining whether the claimant is disabled. *Id.* § 404.1520(a) ("If we can find that you are disabled or not disabled at any point in the review, we do not review your claim further."); *accord id.* § 416.920(a).

## III. DISCUSSION

Bechtold asserts that the decision of the administrative law judge is legally erroneous and not based on substantial evidence because the administrative law judge failed to: (1) perform a proper analysis at step four of the disability determination process by investigating fully and making explicit findings as to Bechtold's ability to perform her past relevant work; and (2) follow Social Security Ruling 96–7p in evaluating Bechtold's credibility. Pl.'s Mem. at 1, 7–11.

### A. Ability to Perform Past Relevant Work

Step four of the sequential evaluation of disability requires the Commissioner to determine whether, despite the presence of a severe impairment, the claimant retains the residual functional capacity to perform her past relevant work.[3] 20 C.F.R. §§ 404.1520, 416.920.

### 1. Past Relevant Work

■ The crux of Bechtold's argument is that the administrative law judge erred as matter of law by improperly dividing her past work as a file clerk, "with the occasional responsibility of answering the telephone," Pl.'s Mem. at 8, into two separate jobs: "file clerk" and "telephone clerk." The Court concurs.

---

**3.** "Relevant" work is work that the claimant has performed in the last fifteen years that

qualifies as substantial gainful activity. 20 C.F.R. § 404.1565(a).

In a disability report prepared on July 2, 1996, Tr. 93, Bechtold listed her previous employment as "Salesperson" and "Receptionist—Filing Work," Tr. 97. At the administrative hearing, the vocational expert[4] submitted a past relevant work summary in which he identified Bechtold's previous jobs as including three separate positions: "Sales Clerk," "File Clerk," and "Receptionist." Tr. 125. Based on Bechtold's testimony at the administrative hearing, the vocational expert recharacterized the final position as that of a "telephone clerk," Tr. 54–55, 125, a position entailing slightly different skills and responsibilities. Whether denominated "receptionist" or "telephone clerk," however, the vocational expert's past relevant work summary, which isolated and focused on one of a number of tasks Bechtold performed as part of her prior work—answering phones—from her other duties, violates the Social Security Act. *Valencia v. Heckler*, 751 F.2d 1082, 1086–87 (9th Cir. 1985) (holding that a claimant must be able to perform all of the tasks associated with her past job in order for the Commissioner to find that the claimant is able to perform her past relevant work); *see also* 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1520(e), 416.920(e); Social Security Ruling 82–61.

■ The bifurcation of Bechtold's prior work was necessitated by the finding of the administrative law judge that Bechtold did not retain the residual functional capacity to work as a file clerk. *See* Tr. 18. Thus, by treating Bechtold's occasional responsibility for answering phones as a sep-

arate position, the administrative law judge was able to conclude, at step four of the analysis, that Bechtold had the residual functional capacity to perform her past work. Such separation of Bechtold's duties is impermissible, however. Where it is clear that a claimant's past employment was a "composite job,"[5] an administrative law judge may not find a claimant capable of performing her past relevant work on the basis that she can meet some of the demands of her previous position, but not all of them. *E.g., Armstrong v. Sullivan*, 814 F.Supp. 1364, 1372 (W.D.Tex.1993); *Taylor v. Bowen*, 664 F.Supp. 19, 22–23 (D.Me.1987). Bechtold held a position in which she was responsible *both* for filing and for answering the telephone when the regular receptionist was unable to do so. Thus, the administrative law judge was barred from considering either one of these responsibilities independently from the other.

Although the Eleventh Circuit has never considered this issue, case law from other jurisdictions supports this holding. In *Valencia*, which is the only statement by an appellate court on this issue, the Ninth Circuit held that because tomato sorting was merely one of the claimant's many duties as an agricultural worker, it was error to conclude that the claimant could perform her past relevant work solely because she retained the residual functional capacity to complete this single task. *Valencia*, 751 F.2d at 1086–87. In *Sullivan*, the United States District Court for the Western District of Texas applied *Valencia*'s reasoning and stated that where a

---

4. Although the assistance of vocational experts is usually sought by administrative law judges at step five of the sequential evaluation of disability, in every circuit save one it is not error for an administrative law judge to use the services of a vocational expert at step four of the analysis to determine whether a claimant can return to her past relevant work. Social Security Ruling 90–3(4) (distinguishing

Social Security policy from the Fourth Circuit's holding in *Smith v. Bowen*, 837 F.2d 635 [4th Cir.1987] ).

5. Social Security Ruling 82–61 defines a composite job as having "significant elements of two or more occupations and, as such, hav[ing] no counterpart in the DOT [Dictionary of Occupational Titles]," *id.*

claimant's previous work was as a "cook/cashier," the administrative law judge could not consider her ability to perform the less demanding duties of a cashier while ignoring her duties as a cook. *Sullivan*, 814 F.Supp. at 1371–72. In *Taylor*, a case that presented facts similar to the instant case, the United States District Court for the District of Maine held that the administrative law judge could not separate the claimant's previous position as an office worker/receptionist into two separate jobs in order to find the claimant capable of performing her past work as a receptionist when she could not also perform the tasks of an office worker. *Taylor*, 664 F.Supp. at 22–23; *see also Berthiaume v. Apfel*, No. Civ. 98–419–M, 1999 WL 814267, at *6 (D.N.H. Sept.30, 1999) (unpublished decision) [6] (stating that an approach by the administrative law judge that considers only one of a number of tasks performed as part of the claimant's prior work, even where the claimant's job combined duties of occupations that also exist separately in the national economy, is impermissible); *Carey v. Sec'y of Health & Human Servs.*, No. 92–605–B, 1994 WL 254171, at *6–*7 (D.N.H. Mar.2, 1994) (unpublished decision) (holding that the administrative law judge improperly bifurcated the duties of claimant's past position); *Mills v. Sullivan*, 804 F.Supp. 1048, 1056 n. 20 (N.D.Ill.1992) (observing that a claimant's actual responsibilities must be considered in evaluating the exertional demands of a composite job). "Every occupation consists of a myriad of tasks, each involving different degrees of physical exertion. To classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act." *Valencia*, 751 F.2d at 1086. Applying the reasoning of these cases, the administrative law judge erred, as matter of law, by relying on an incorrect characterization of Bechtold's prior work in order to conclude that she retained the residual functional capacity to work as a "telephone clerk."

## 2. Waiver

■ As the administrative law judge found Bechtold capable of performing only a limited range of sedentary [7] work, Tr. 18, and there is no dispute that Bechtold's filing duties were of a light [8] exertional

6. For the propriety of citing unpublished decisions, see *Anastasoff v. United States*, 223 F.3d 898, 899–905 (8th Cir.) (R. Arnold, J.) (holding that unpublished opinions have precedential effect), *vacated as moot*, 235 F.3d 1054 (8th Cir.2000) (en banc), *Giese v. Pierce Chem. Co.*, 43 F.Supp.2d 98, 103 & n. 1 (D.Mass. 1999) (relying on unpublished opinions' persuasive authority), and Richard S. Arnold, *Unpublished Opinions: A Comment*, 1 J.App. Prac. & Process 219 (1999).

7. "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. *Jobs are sedentary if walking and standing are required occasionally and other*

sedentary criteria are met." 20 C.F.R. § 404.1567(a).

8. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." *Id.* at § 404.1567(b).

nature, *id.,* ordinarily this matter would have to be remanded to the administrative law judge to perform a step-five analysis to determine whether Bechtold has the residual functional capacity to perform other work in the economy. 20 C.F.R. §§ 404.1520, 416.920. In this case, however, the Commissioner properly asserts that Bechtold waived her right to raise this argument by not presenting it to the administrative law judge, the final decision-maker in this case. Def.'s Mem. at 9 (citing *Alacare Home Health Servs., Inc. v. Sullivan,* 891 F.2d 850, 855 n. 5 [11th Cir.1990] ).

Precedent mandates a finding that Bechtold has waived her right to raise this argument before this Court. In *Alacare Home Health Services,* the Eleventh Circuit stated, in the context of a Medicare benefits case, that "an argument not raised in an administrative hearing cannot be raised on appeal." *Alacare Home Health Servs.,* 891 F.2d at 855 n. 5 (citing *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 35–36, 73 S.Ct. 67 [1952]; and *Beale v. Blount,* 461 F.2d 1133, 1140 [5th Cir.1972] ); *see also Chipman v. Shalala,* 90 F.3d 421, 423 (10th Cir.1996) (holding, in a dispute over Medicare insurance coverage, that the plaintiff waived arguments that he did not present before the administrative law judge or the Appeals Council); *Pleasant Valley Hosp., Inc. v. Shalala,* 32 F.3d 67, 70 (4th Cir.1994) (holding, in a Medicare reimbursement dispute, that it is inappropriate to consider arguments not raised during the administrative process); *Dir., Office of Workers' Compensation Programs v. N. Am. Coal Corp.,* 626 F.2d 1137, 1143 (3d Cir.1980) ("[A] court should not consider an argument which has not been raised in the agency proceedings which preceded the appeal, absent unusual circumstances."); *Mills v. Apfel,* 84 F.Supp.2d 146, 150 (D.Me.2000) (holding, in a social security case, that the claimant waived her argument by failing to raise it

before the administrative law judge or the Appeals Council), *aff'd,* 244 F.3d 1 (1st Cir.2001). Although the Eleventh Circuit has not addressed the issue of waiver in the specific context of a social security appeal, there is no indication that the Eleventh Circuit would find, under the circumstances presented by this case, that Bechtold had not waived this argument.

Furthermore, in the instant case, the application of this principle is fair. The decision of the administrative law judge to include among Bechtold's previous jobs the position of "telephone clerk" was not concealed from Bechtold. Indeed, the administrative law judge specifically provided Bechtold's counsel with not one but two opportunities to comment on or object to the vocational expert's summary of past relevant work. Tr. 55 ("ALJ: Counsel, do you have any comments on that? ATTY: No."); Tr. at 56 ("ALJ: All right. So if there's no objection I'll enter [the past relevant work history summary] into the record and have it marked Exhibit 10E."). Therefore, Bechtold, when squarely presented with an opportunity to object to the characterization by the administrative law judge of the nature of her past relevant employment, failed to do so. Such failure constitutes a waiver of her right to raise the argument before this Court at this time.

**B. Credibility Analysis**

■ After considering the evidence contained in the record, including Bechtold's testimony at the administrative hearing, Tr. 17, 19, the administrative law judge determined that Bechtold's subjective complaints of pain were "disproportionate to the medical evidence and ... not fully credible, considering both medical and 'other' evidence." Tr. 19. Bechtold argues that this determination was in error, because the administrative law judge failed

to perform the credibility analysis with the degree of specificity required by Social Security Ruling 96–7p. Pl.'s Mem. at 9.

Social Security Ruling 96–7p (the "Ruling") is intended

> to clarify when the evaluation of symptoms, including pain, under 20 C.F.R. §§ 404.1529 and 416.929 requires a finding about the credibility of an individual's statements about pain ...; to explain the factors to be considered in assessing the credibility of the individual's statements about symptoms; and to state the importance of explaining the reasons for the finding about the credibility of the individual's statements in the disability determination or decision.

*Id.* The Ruling emphasizes that in determining the credibility of an individual's statements,

> [i]t is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

*Id.* Bechtold alleges that the finding of the administrative law judge that her complaints of pain were not entirely credible does not comport with this Ruling. Pl.'s Mem. at 10.

Although Bechtold correctly asserts that the credibility determination by the administrative law judge in this case might benefit from more detailed findings, the Eleventh Circuit has repeatedly upheld credibility analyses such as the one the administrative law judge made here as being supported by substantial evidence. *E.g., Macia v. Bowen,* 829 F.2d 1009, 1011 (11th Cir.1987) (per curiam); *Jones v. Bowen,* 810 F.2d 1001, 1004 (11th Cir.1986) (per curiam); *Landry v. Heckler,* 782 F.2d 1551, 1554 (11th Cir.1986) (per curiam); *see also Holley v. Chater,* 931 F.Supp. 840, 847–48 (S.D.Fla.1996).

The Eleventh Circuit has stated that the Commissioner must consider a claimant's subjective testimony of pain if there is evidence of an underlying medical condition and either (1) objective medical evidence exists that confirms the severity of the pain or (2) the objectively determined medical condition could reasonably be expected to produce the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); *Mason v. Bowen,* 791 F.2d 1460, 1462 (11th Cir.1986); *Landry,* 782 F.2d at 1553. Once a claimant establishes through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce pain, sections 404.1529 and 416.929 of Title 20 of the Code of Federal Regulations provide that the Commissioner must consider evidence about the intensity, persistence, and functionally limiting effects of pain in deciding the issue of disability. *See Foote,* 67 F.3d at 1561.

In the instant case, the medical record includes evidence of an underlying medical condition that could reasonably be expected to produce pain. Indeed, the administrative law judge credited Bechtold's allegations of pain to some extent when noting that Bechtold's shoulder creates a limitation on her ability to work. Tr. 17 ("Clearly, Claimant's right shoulder poses a limitation to her work ability. She continues to experience pain and has been unable to find a compatible treatment plan."). After considering the entire record, including

the objective medical evidence, the medical opinions of Bechtold's examining physicians, and Bechtold's statements in regard to the intensity, persistence, and limiting effects of her pain, however, the administrative law judge concluded that Bechtold's claims of pain were disproportionate to the medical evidence. Tr. 19. Upon review of the decision of the administrative law judge to discredit the degree of pain alleged by Bechtold, this Court holds that the decision is supported by substantial evidence in the record. *Macia,* 829 F.2d at 1011.

The Code of Federal Regulations sets forth seven factors that an adjudicator should consider in addition to the objective medical evidence when assessing the credibility of an individual's statements: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medications used to alleviate pain or other symptoms; (5) treatment other than medication, received for relief of pain or other symptoms; (6) any measures, other than treatment, used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also*

Social Security Ruling 96–7p.[9] Although the administrative law judge did not explicitly discuss Bechtold's daily living activities in his decision,[10] each of the other six factors was either mentioned or discussed in detail. *See, e.g.,* Tr. 17 (discussing, as required by factor two, the location and nature of Bechtold's shoulder pain); Tr. 17 (noting, as required by factor three, that Bechtold's pain increases when she sits or stands for long periods); Tr. 17 (mentioning, as required by factor four, adjustments to Bechtold's insulin made to reduce the occurrence of hypoglycemic attacks); Tr. 16 (discussing, as required by factor five, Bechtold's strengthening program, physical therapy, and arthroscopic surgery); Tr. 17 (citing, as required by factor six, permanent restrictions on prolonged standing and overhead reaching placed on Bechtold by Dr. Schulak). *See generally* Tr. 16–18 (observing other factors concerning Bechtold's functional limitations and restrictions due to pain or other symptoms). This Court therefore holds that the discussion of these factors constitutes substantial supporting evidence for the credibility finding of the administrative law judge and that this finding is sufficiently explicit to comport with the requirements of 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), Social Security Ruling 96–7p,

9. In the Eleventh Circuit, there is no requirement that all seven of these factors be discussed explicitly. *Compare Foote,* 67 F.3d at 1560–61 (describing parameters of credibility determination in the Eleventh Circuit), *Mason,* 791 F.2d at 1462 (same), *and Landry,* 782 F.2d at 1553 (same), *with Avery v. Sec'y of Health & Human Servs.,* 797 F.2d 19, 28–29 (1st Cir.1986) (establishing that in developing evidence of pain or other symptoms, the administrative law judge must consider six factors which are equivalent to those set forth in 20 C.F.R. §§ 404.1529[c][3], 416.929[c][3] ), *and Bazile v. Apfel,* 113 F.Supp.2d 181, 188 (D.Mass.2000) ("It is insufficient for the administrative law judge to consider 'most' of

the *Avery* factors. All six must be given consideration.").

10. Other than a brief discussion of Bechtold's ability to drive, Tr. 35–36, neither the administrative law judge nor Bechtold's counsel questioned her about her daily living activities at the administrative hearing. Therefore, the omission of this factor by the administrative law judge from his credibility determination is neither surprising, *see Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so."), nor legally incorrect, *see supra* note 9.

and the law of the Eleventh Circuit. *Compare Foote*, 67 F.3d at 1562 ("A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court."), *with Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir.1988) (remanding because the administrative law judge did not articulate any reasons for concluding that the claimant's subjective complaints of pain were not credible).

## IV. CONCLUSION

Although the administrative law judge erred, as matter of law, by bifurcating the duties of Bechtold's composite job into two separate positions, Bechtold waived her right to raise this argument before this Court by not presenting it during the administrative hearing. The credibility determination by the administrative law judge is supported by substantial evidence in the record and resulted from the proper application of legal standards. The decision of the administrative law judge is therefore AFFIRMED.