[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13036
Non-Argument Calendar

_____

D. C. Docket No. 05-00416-CV-WDO-5

DOROTHY COUCH,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(February 29, 2008)**

Before ANDERSON, BARKETT  and HULL, Circuit Judges.

PER CURIAM:

Dorothy Couch appeals the district court's order affirming the

Commissioner's denial of social security disability benefits, 42 U.S.C. § 405(g). On appeal, Couch raises six issues: (1) whether the Administrative Law Judge ("ALJ") erred in rejecting the opinion of her treating physician, Dr. Figueroa; (2) whether the ALJ erred in failing to recontact Dr. Figueroa; (3) whether the ALJ erred in finding that Couch's mental impairments were caused by 'domestic turmoil' and insufficient for an award of disability benefits; (4) whether the ALJ's finding that Couch lacked credibility was supported by substantial evidence; (5) whether the Appeals Council ("AC") erred in denying review and failing to remand her case for consideration of a February 2005 sleep study; and (6) whether the district court erred in refusing to remand her case under sentence six of 42 U.S.C. § 405(g).

We review a social security case to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. See Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995).

**I.     Treating Physician's Opinion**

Couch first argues that the ALJ should have accorded "controlling weight" to Dr. Figueroa's opinion. "The opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physician's diagnosis." Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). We have held that "good cause" exists where the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. Lewis v. Callahan, 125 F.3d at 1440 (11th Cir. 1997) (internal quotations and citations omitted). If the ALJ disregards or accords less weight to the opinion of a treating physician, the ALJ must clearly articulate his reasons, and the failure to do so is reversible error. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

Here, the ALJ clearly articulated specific reasons for rejecting his opinion, namely, that it was inconsistent with his own treatment notes and unsupported by the medical evidence. Thus, good cause existed for the ALJ to discredit Dr. Figueroa's findings. Contrary to Dr. Figueroa's statement that Couch's "mood instability, low levels of energy, impairment in concentration and inability to relate well socially renders her disabled to perform any work," Dr. Figueroa's notes did

3

not suggest or impose any restrictions on her activities, or otherwise indicate that Couch was precluded from working on account of her mental impairment. In addition to Couch's medical records, other medical sources confirmed that Couch's mental impairment did not substantially limit her ability to work, and the daily activities reported by Couch, including shopping, cooking, driving, cleaning, and visiting friends, were also inconsistent with Dr. Figueroa's statement of total disability. The ALJ's decision to discount Dr. Figueroa's opinion was therefore supported by substantial evidence.

## II.    Duty to Recontact

Couch next argues that the ALJ was required under SSR 96-5p to recontact Dr. Figueroa after deciding that his opinion was without record support, and the ALJ's failure to seek clarification of the reasons underlying Dr. Figueroa's disability opinion requires reversal. "A hearing before an ALJ is not an adversarial proceeding" and "the ALJ has a basic obligation to develop a full and fair record." Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). As such, the ALJ must probe conscientiously into all relevant facts, even where a claimant is represented by counsel. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981).

Medical sources should be recontacted when the evidence received from that source is inadequate to determine whether the claimant is disabled. 20 C.F.R.

4

§ 404.1512(e); § 416.912(e). Social Security Ruling 96-5p requires the ALJ to make "every reasonable effort" to recontact the medical source for clarification of the reasons for the opinion if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record. Soc. Sec. Rul. 96-5p. In evaluating whether it is necessary to remand, we are guided by "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995) (quotations and citations omitted). The likelihood of unfair prejudice may arise if there is an evidentiary gap that "the claimant contends supports [his] allegations of disability." Id. at 936 n. 9.

The record reflects that the duty to recontact did not arise here. First, substantial evidence, including the evaluations of two other consulting psychologists, Couch's reported daily activities, and Dr. Figueroa's own treatment notes, supported the ALJ's determination that Couch was not disabled. Additionally, it appears that the ALJ was in possession of all of Dr. Figueroa's medical records, and the information contained therein was adequate to enable the ALJ to determine that Couch was not disabled. Therefore, there was no need for additional information or clarification.

**III. ALJ's "Domestic Turmoil" Finding**

5

Couch next argues that the ALJ erred as a matter of law in concluding that her mental impairments could not be the basis of an award of disability benefits because they were caused by 'domestic turmoil,' and that, moreover, the ALJ's finding that Couch's marital difficulties caused her mental impairments was factually erroneous. We review de novo the Commissioner's conclusions of law, Ingram v. Commissioner of Social Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007).

As an initial matter, although the ALJ observed that Couch's depression and anxiety corresponded to instances of domestic turmoil, the ALJ did not, as Couch contends, conclude that an impairment caused by external stressors is insufficient as a matter of law to constitute a disability. Further, the ALJ's decision reflects that he denied benefits not because Couch's depression stemmed from or was caused by her divorce, but, ultimately, because her depression did not prevent her from making an adjustment to any other work. This factual finding was supported by substantial evidence in the record, including the evaluations of three consulting psychologists, the objective medical evidence, Couch's daily activities, and the testimony of the vocational expert.

## IV. Couch's Complaints of Disability

Couch next argues that the ALJ improperly evaluated her credibility because

substantial evidence did not support his finding that (1) Couch's hospitalizations were to treat drug addiction, rather than uncontrolled symptoms of depression, (2) there was no evidence of decompensation in the work setting, and (3) Couch's daily activities were inconsistent with disability.

The Commissioner must consider a claimant's subjective testimony if he finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain. Mason v. Bowen, 791 F.2d 1460, 1462 (11th Cir. 1986). Credibility determinations with respect to the subjective testimony of a claimant are generally reserved to the ALJ. See Johns v. Bowen, 821 F.2d 551, 557 (11th Cir. 1987). However, if the claimant testifies as to her subjective complaints of disabling pain and other symptoms, the ALJ must clearly articulate explicit and adequate reasons for discrediting such testimony. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The ALJ may consider a claimant's daily activities when evaluating complaints of disability. See Wolfe v. Chater, 86 F.3d 1072, 1078 (11th Cir. 1996).

The ALJ in this case properly articulated explicit and adequate reasons for discrediting Couch's subjective testimony, namely, that her medical records and

daily activities were inconsistent with disability. Further, these stated reasons are supported by the record. The ALJ applied the proper standards to determine whether Couch's allegations of disability were credible and would diminish any residual functional capacity to work that she may otherwise have.

**V. Appeals Council's Denial of Review and Failure to Remand**

Couch also argues that the Appeals Council ("AC") erred in failing to remand the case for consideration of the February 27-28, 2005 sleep study because the results of the sleep study were "new" and "material." The Appeals Council must consider "new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." Ingram,496 F.3d at 1262 (internal quotations and citations omitted).

The AC's decision to deny review in light of new evidence is subject to judicial review. Falge v. Apfel, 150 F.3d 1320, 1324 (11th Cir. 1998). When reviewing the AC's denial of review, we must "look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence the AC must consider in making its decision whether to review an ALJ's decision." Id. In Ingram, the AC accepted Ingram's new evidence but denied review because, even in the light of the new evidence, the AC found no error in the opinion of the

administrative law judge. <u>Id.</u>

The record reflects that the AC considered the evidence Couch submitted in deciding not to review her case, and found that it did not provide a basis for changing the ALJ's decision. It is reasonable to infer that the AC found that the sleep study failed to satisfy the standard of "new and material evidence" under the regulation, and this finding is supported by the record. First, the sleep study in no way indicated that Couch's sleep apnea was a disabling condition. Further, Dr. Abdulla's medical records show that Couch's sleep apnea had greatly improved by June 2005. Even if the sleep study constituted "new" evidence, it was not material because it in no way contradicted the ALJ's findings as to the severity of Couch's mental impairments by suggesting that Couch was disabled. Because the sleep study did not render the ALJ's decision contrary to the weight of the record as a whole, the AC did not err in denying review.

**VI. District's Court Failure to Remand Under 42 U.S.C. § 405(g)**

Finally, Couch argues that the district court erred in failing to remand the case for consideration of the February 2005 sleep study pursuant to sentence six of 42 U.S.C. § 405(g), because the sleep study, which showed that she suffered from "severe obstructive sleep apnea," provided objective evidence of an impairment known to cause the mental and physical symptoms that the ALJ found not credible,

and therefore was "new" and "material."

We review de novo the district court's determination regarding remand based on new evidence. Cherry v. Heckler, 760 F.2d 1186, 1194 (11th Cir. 1985). "Section 405(g) [of the Social Security Act] permits a district court to remand an application for benefits to the Commissioner. . .by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands.'" Ingram, 496 F.3d at1261. A remand under sentence six is "appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." Id. at 1267; see 42 U.S.C. § 405(g)("[t]he court may. . .remand the case to the Commissioner. . .only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding").

In the instant case, the district court found that the evidence submitted by Couch to the AC did not support a remand under sentence six of § 405(g). Like the doctor's evaluation at issue in Ingram, the sleep study, which was properly submitted to and considered by the AC, did not meet the criteria for a sentence six remand because it was not "new evidence" that the Commissioner "failed to incorporate" into the record of the administrative proceeding. See Ingram, 496 F.3d

at 1269. Therefore, the district court did not err in refusing to remand the case under sentence six. See id. Because Couch failed to argue in her brief that the district court erred in refusing to remand her case under sentence four of § 405(g), this issue has been abandoned and need not be discussed. See Smith v. Allen, 502 F.3d 1255, 1263 n.3 (11th Cir. 2007) (internal quotations and citations omitted) (holding that "issues not raised on appeal are considered abandoned").

Upon careful review of the administrative proceedings, the medical record, the proceedings in district court, and upon consideration of the parties' briefs, we find no error.

**AFFIRMED.**