**Eddie BRIDGES, Plaintiff-Appellant,**

v.

**Otis R. BOWEN \*, Secretary of Health & Human Services, Defendant-Appellee.**

**No. 86–3041.**

United States Court of Appeals, Eleventh Circuit.

March 18, 1987.

---

\* When this action was commenced the named defendant was "Margaret M. Heckler, Secretary of Health and Human Services." The caption has been altered pursuant to Fed.R.Civ.P. 25(d) to reflect succession of Otis R. Bowen to that office.

Jay Rose, Richard A. Culbertson, Orlando, Fla., for plaintiff-appellant.

Robert W. Merkle, U.S. Atty., Kendell W. Wherry, Asst. U.S. Atty., Orlando, Fla., David L. Stephens, Bruce R. Granger, F. Allen McDonogh, Elyse S. Sharfman, Office of the General Counsel, Atlanta, Ga., for defendant-appellee.

Before RONEY, Chief Judge, GODBOLD, Circuit Judge, and ATKINS**, Senior District Judge.

PER CURIAM:

Eddie Bridges appeals from the district court's judgment affirming the Health and Human Service Secretary's denial of his claim for a period of disability, disability insurance benefits and supplemental securi-

** Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

ty income. The issue here is whether the Secretary applied the proper legal standards in evaluating Bridges' complaints of pain and other symptoms in determining that Bridges does not suffer from a severe impairment. We affirm.

Bridges claims disability as a result of a combination of impairments and related symptomatology. Bridges testified at the administrative hearing that he has shortness of breath, pain in the left side of his body, stomach problems, dizzy spells, and failing memory. The Administrative Law Judge ("ALJ") found that Bridges has several underlying impairments, including hypertensive cardiovascular disease, angina, mild chronic obstructive pulmonary disease, and status post an excision of an adenomatous polyp of the descending colon. Based on the totality of the evidence, however, the ALJ concluded that Bridges does not have a severe impairment meeting the durational requirement of the Social Security Act and is not entitled to disability benefits. This conclusion became the final decision of the Secretary on June 6, 1983. On the basis of the magistrate's report and recommendation, and over objections filed by the claimant, the district court dismissed the action on the merits.

■ This Court has a limited role in reviewing claims brought under the Social Security Act. The findings and decision of the Secretary are conclusive if supported by substantial evidence. 42 U.S.C.A. § 405(g). Despite this deferential standard, it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached. *Arnold v. Heckler,* 732 F.2d 881, 883 (11th Cir.1984). No presumption of validity attaches to the Secretary's determination of the proper legal standards to be applied in evaluating claims. *Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir.1982).

The pertinent standard governing Bridges' complaints of pain and other symptoms is set forth in the statute:

An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of medical impairment ... which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques ... must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

■ Although neither the ALJ nor the Secretary had the benefit of this standard, as phrased in the statute, because the 1983 administrative determination occurred before the statute's enactment in 1984, the new law applies to this case. *See Landry v. Heckler,* 782 F.2d 1551, 1553 (11th Cir. 1986) (the 1984 statutory standard applies to cases pending in HHS or in court on the date of enactment). In *Landry,* we stated that the new standard for evaluating disabling pain requires:

[E]vidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Landry,* 782 F.2d at 1553; *Sewell v. Bowen,* 792 F.2d 1065, 1068 (11th Cir.1986). Under *Landry,* this determination is a question of fact, and therefore is subject to the substantial evidence standard of review. Thus, the required review is to determine whether the Secretary's determination is consistent with the statutory standard, 42 U.S.C.A. § 423(d)(5)(A), as con-

strued in *Landry* and whether it is supported by substantial evidence.

Bridges contends that the Secretary improperly disregarded his testimony of pain and other symptoms, because they were uncorroborated. He urges that the ALJ did not consider: (1) statements of the claimant, as required by 42 U.S.C.A. § 423(d)(5)(A), or (2) whether his medical condition, based on all the evidence, could reasonably be expected to give rise to the alleged pain, as required by the second prong of the *Landry* test. In support of this contention, Bridges points to the ALJ's finding that "[a]lthough the claimant alleges symptomatology of a disabling nature, his symptoms are not fully corroborated by laboratory and clinical findings."

A review of the entire record, however, reflects that the Secretary's determination that Bridges does not suffer disabling pain is consistent with *Landry* and is supported by substantial evidence.

*First,* Bridges testified that his primary complaint, shortness of breath, was relieved by medication. The ALJ also found that his underlying impairments are controlled by medication or medical treatment. *Second,* Bridges' treating-physician evidence was inconsistent with his allegations of symptoms concerning the left side of his body. A physical examination revealed that Bridges' range of motion was within normal limits. *Third,* despite Bridges' contention that the Secretary ignored his testimony, the record reveals that he was not restricted in presenting evidence of pain. The ALJ expressly questioned him regarding symptomatology and explicitly considered all the evidence in the final decision. Bridges' allegations of pain, properly

considered, were simply outweighed by the other evidence of record.

We hold, therefore, that the Secretary's determination is consistent with *Landry* and substantial evidence supports the finding that Bridges' objectively determined medical condition is not of such a severity that it can be reasonably expected to give rise to the alleged pain.

Bridges asserted at oral argument that the Secretary applied an improper legal standard in determining that he does not have a severe impairment. The ALJ found, pursuant to 20 C.F.R. §§ 404.1520(c) and 416.920(c) that Bridges does not have a combination of impairments which "significantly limit" his ability to do basic work. The ALJ concluded that Bridges does not have a severe impairment meeting the durational requirement of the Act.

This Court in *Brady v. Heckler,* 724 F.2d 914 (11th Cir.1984) (*per curiam*), articulated the "slight abnormality" test for determining whether an impairment is severe.[1] In *Brady,* we defined the claimant's threshold burden of proof:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

*Id.* at 920. A recent case, *McDaniel v. Bowen,* 800 F.2d 1026, (11th Cir.1986), found that a remand to the Secretary was necessary when the ALJ, *inter alia,* disregarded the *Brady* standard in determin-

---

1. We note that there is a split among the Circuits regarding the interpretation and validity of the Secretary's sequential evaluation procedure. Five circuits have held that the severity regulations violate the Social Security Act and are therefore invalid. *See Brown v. Heckler,* 786 F.2d 870, 872 (8th Cir.1986); *Hansen v. Heckler,* 783 F.2d 170 (10th Cir.1986); *Yuckert v. Heckler,* 774 F.2d 1365, 1369 (9th Cir.1985), *cert. granted,* —— U.S. ——, 106 S.Ct. 1967, 90 L.Ed.2d 652 (1986); *Johnson v. Heckler,* 769 F.2d 1202, 1210–13 (7th Cir.1985), *petition for cert. filed,* 54 U.S.L.W. 3600 (U.S. Mar. 11, 1986) (No. 85–1442); *Baeder v. Heckler,* 768 F.2d 547, 551–53

(3d Cir.1985). Other circuits, consistent with this Court's decision in *Brady v. Heckler,* 724 F.2d 914 (11th Cir.1984), have upheld the severity regulation, but only as a *de minimis* impairment requirement. *See Farris v. Secretary of Health and Human Services,* 773 F.2d 85, 89 (6th Cir.1985); *Estran v. Heckler,* 745 F.2d 340, 341 (5th Cir.1984); *Evans v. Heckler,* 734 F.2d 1012, 1014 (4th Cir.1984) (per curiam); *Chico v. Schweiker,* 710 F.2d 947, 954–55 & n. 10 (2d Cir.1983). The United States Supreme Court may resolve the conflict in its consideration of *Yuckert* during the current term.

ing whether the claimant had a severe impairment.

In contrast to *McDaniel*, the Secretary's determination that Bridges does not have a severe impairment is consistent with *Brady* and is supported by substantial evidence. Although the Secretary's decision predated *Brady*, it specifically concluded that Bridges has "mild impairments which are amenable to medical treatment." The record supports the determination that Bridges' impairments and related symptomatology are embraced within the meaning of a "slight abnormality," and do not constitute a severe impairment.

Because the Secretary's determination that Bridges does not suffer disabling pain and is not severely impaired is consistent with the applicable legal standards and is supported by substantial evidence, the decision of the district court affirming the denial of disability benefits by the Secretary must be affirmed.

AFFIRMED.