**Erwin FRENCH, Plaintiff,**

v.

**Larry G. MASSANARI, Acting Commissioner of Social Security,[1] Defendant.**

**No. Civ.A.8:00CV755T24C.**

United States District Court, M.D. Florida.

May 10, 2001.

---

1. Kenneth S. Apfel was the original defendant in this action. On January 20, 2001, he was succeeded by William A. Halter. On March 29, 2001, President George W. Bush designated Larry G. Massanari as acting commissioner of the Social Security administration. The named defendant in this action has changed accordingly. Fed.R.Civ.P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency ... ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party."); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

Michael Alan Steinberg, Michael A. Steinberg & Assoc., Tampa, FL, for Plaintiff.

Susan Roark Waldron, U.S. Attys. Office, Tampa, FL, Elyse S. Sharfman, Mary Ann Sloan, Dennis Williams, Douglas Wilson, Gen. Counsel's Office, Atlanta, GA, for Defendant.

## MEMORANDUM AND ORDER

WILLIAM G. YOUNG, District Judge.[2]

This is an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The plaintiff, Erwin French ("French"), seeks judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for social security disability insurance and supplemental security income.

## I. BACKGROUND

### A. Statement of Facts

#### 1. Medical History

French is a fifty-eight year old man who suffers from chronic lower back, neck, shoulder, and knee pain; hypertension; diabetes mellitus; and arthritis. Tr. 23, 25, 28, 45, 249–52. French was treated for these conditions by the Hernando County Public Health Department and the Hernando Doctor's Clinic on an outpatient basis from 1994 to 1998. Tr. 223–67. He also received treatment for acute lower back pain in the emergency room at Columbia Regional Medical Center ("CRMC") twice in 1997. Tr. 214–22.

According to the medical record, French's hypertension is moderately controlled and his diabetes is well controlled with medication. E.g., Tr. 223–44 (documenting blood pressure measurements); Tr. 296 (noting that diabetes is "well controlled"). There is no evidence that French's hypertension or diabetes interfere substantially with his well-being or ability to work. Both before and after the alleged onset of his disability, French repeatedly told medical professionals that he felt "good" or "great" despite these conditions. Tr. 223 (1997); Tr. 230 (1996); 233–35 (1995); Tr. 238, 240 (1994).

In 1997, French was diagnosed with lumbar radiculopathy and myofascial pain syndrome. Tr. 263–65. X-rays taken at CRMC indicated straightening of the lumbar lordosis and degenerative changes of the lower lumbar spine with disc-space narrowing seen at L1–2, L4–5, and L5–S1. Tr. 219. Doctors in CRMC's emergency room diagnosed French with low back pain and recommended that he not immediately return to work. Tr. 215. At follow-up appointments at the Hernando County Public Health Department and the Hernando Doctor's Clinic, French was prescribed pain medications, physical therapy, and a series of injections for his pain. Tr. 223–29, 263–66. By October 1997, French no longer showed radicular signs and his pain had improved. Tr. 262. In December 1997, however, French indicated that he had not experienced significant relief from his pain. Tr. 260. French received additional medication and physical therapy for his back, neck, and shoulder pain in early 1998. Tr. 253, 257–58.

In addition to French's treatment records, the administrative law judge also considered the findings of two state agency consultative physicians. Tr. 24–25. The first of these physicians, Dr. S. Rao Korabathina, examined French in May 1997, and determined that French's range of motion was limited in the hips and knees and was slightly limited in the spine. He also noted that French's neurological examination was normal and that there was no scoliosis or point tenderness in the spine. At this exam, French walked with

2. Of the District of Massachusetts, sitting by designation.

a slight limp, but was able to walk on his heels and toes and could hop with difficulty. French's muscle power, grip strength, fine and gross dexterity, and fine manipulation were normal. Dr. Korabathina diagnosed French with chronic low backache and neck pain. Tr. 211.

In May 1998, a second state consultative physician, Dr. Ayman Osman, also determined that French had a mildly decreased range of motion in his hips, knees, and spine. Dr. Osman noted that French walked slowly, due to his back pain, but that he was able to walk unassisted. Furthermore, French conducted basic tasks, such as lying down on the examining table and removing his shoes and socks, without difficulty. French told Dr. Osman that he was taking medications including Aldactone, Cardura, Diabinese, Soma, Lodine, and Feldene.[3] Dr. Osman diagnosed French with hypertension, diabetes, and arthritis, but determined that there was no evidence during the examination or in French's medical history of any severe disabling symptoms or signs. Tr. 249–50.

## 2. Education and Past Relevant Employment

French completed high school through the tenth grade and obtained a graduate equivalency degree. Tr. 45. Before the alleged onset of his disability in 1997, he was variously employed as a truck driver, plant nursery worker, box folder, garbage truck driver and sanitation worker, press operator, and spray painter. Tr. 45–52, 156, 158–59, 162, 165–80.

## B. Administrative Proceedings

On January 21, 1998, French filed applications for a period of disability, disability insurance benefits, and supplemental security income, Tr. 95–97, 305–08, alleging disability as of February 13, 1997, Tr. 95, 153, 163, 305. The Commissioner denied French's claims both initially and upon reconsideration. Tr. 75–76, 81–84, 87–89, 309–17. French timely requested a hearing before an administrative law judge. Tr. 90. The administrative law judge conducted a hearing on November 25, 1998, Tr. 41–69, and after considering the case de novo, held on February 20, 1999 that French was not disabled within the meaning of the Social Security Act, Tr. 20–28. Specifically, the administrative law judge found that French's subjective complaints of pain were disproportionate to the medical evidence and were not fully credible, and that French had the residual functional capacity to perform light work, including his past relevant work. Tr. 28. On March 31, 2000, the Appeals Council denied French's request for review of the decision of the administrative law judge. Tr. 5–6. The decision of the administrative law

---

**3.** Aldactone flushes excess salt and water from the body and controls high blood pressure. It can be taken alone or with other high blood pressure medications. *Physicians' Desk Reference* 2882 (54th ed.2000).

Cardura may be used in the treatment of high blood pressure. It is effective when used alone or in combination with other blood pressure medications, such as diuretics, beta-blocking medications, calcium channel blockers, or angiotensin-converting enzyme inhibitors. *Id.* at 2326.

Diabinese is an oral antidiabetic medication used to treat Type II (non-insulin-dependent) diabetes. *Id.* at 2337.

Soma is used for the relief of acute, painful musculoskeletal conditions. *Id.* at 3160.

Lodine, a nonsteroidal anti-inflammatory drug, is used to relieve the inflammation, swelling, stiffness, and joint pain of osteoarthritis (the most common form of arthritis) and rheumatoid arthritis. *Id.* at 3262–63.

Feldene, a nonsteroidal anti-inflammatory drug, is used to relieve the inflammation, swelling, stiffness, and joint pain associated with osteoarthritis and rheumatoid arthritis. It is prescribed both for sudden flare-ups and for long-term treatment. *Id.* at 2393.

judge therefore became the final decision of the Commissioner with respect to French's claim. 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a social security disability benefit determination is limited under 42 U.S.C. § 405(g), which provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...." *Id.; see also Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir.1990); *Allen v. Bowen,* 816 F.2d 600, 602 (11th Cir. 1987); *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson,* 402 U.S. at 401, 91 S.Ct. 1420 (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 [1938]); *accord Walden v. Schweiker,* 672 F.2d 835, 838–39 (11th Cir.1982). In *McRoberts v. Bowen,* 841 F.2d 1077 (11th Cir.1988), the Eleventh Circuit further delineated this standard, stating that substantial evidence "must do more than create a suspicion of the existence of the fact to be established," *id.* at 1080 (quoting *Walden,* 672 F.2d at 838).

This Court is therefore called upon to determine whether substantial evidence exists in the record as a whole to support the findings of the Commissioner. *Tieniber v. Heckler,* 720 F.2d 1251, 1253 (11th Cir.1983) (per curiam); *Smallwood v. Schweiker,* 681 F.2d 1349, 1351 (11th Cir. 1982); *Walden,* 672 F.2d at 838. The Court has a duty to "scrutinize the record" in full in order to assess "the reasonableness of the decision reached." *Bridges v. Bowen,* 815 F.2d 622, 624 (11th Cir.1987) (per curiam). "It is incumbent upon the reviewing court to examine the findings and decision of the [Commissioner] in light of the record in its entirety, not only that evidence which supports the decision." *Lamb v. Bowen,* 847 F.2d 698, 701 (11th Cir.1988) (citing *Owens v. Heckler,* 748 F.2d 1511 [11th Cir.1984] [per curiam]; *Boyd v. Heckler,* 704 F.2d 1207, 1209 [11th Cir.1983], *superseded by statute on other grounds as stated in Elam v. R.R. Ret. Bd.,* 921 F.2d 1210, 1214 [11th Cir.1991], and *Harrell v. Harris,* 610 F.2d 355 [5th Cir.1980] [per curiam]).

■ "A determination that is supported by substantial evidence may be meaningless, however, if it is coupled with or derived from faulty legal principles." *Boyd,* 704 F.2d at 1209. Thus, the Court must also be satisfied that the Commissioner applied the correct legal standards in making his decision. *Id.; Wiggins v. Schweiker,* 679 F.2d 1387, 1389 & n. 3 (11th Cir. 1982). The Commissioner's determination of the proper legal standards to be applied is not entitled to a presumption of validity, *Bridges,* 815 F.2d at 624, and failure by the Commissioner to apply the correct legal standards is grounds for reversal, not remand in most instances, *Bowen v. Heckler,* 748 F.2d 629, 635–36 (11th Cir.1984).

■ The scope of this Court's review is constrained by the Eleventh Circuit's instruction in *Martin:* The Court may not reweigh the evidence, try the case *de novo,* or substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. *Martin,* 894 F.2d at 1529.

■ The claimant, French, bears the initial burden of establishing through credible evidence that he was disabled within the meaning of the Social Security Act. *Gibson v. Heckler,* 762 F.2d 1516, 1518 (11th Cir.1985) (per curiam). Under the Social Security Act, "disability" is defined

as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The statute further provides that:

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.. . . .

*Id.* § 423(d)(2)(A). Thus, evidence of an impairment is alone insufficient to justify an award of benefits. The claimant must also point to evidence in the record that demonstrates that the impairment prevented him from engaging in any substantial activity. *Gibson*, 762 F.2d at 1518.

The Social Security Administration has promulgated regulations that have defined this determination of disability as a five-step analysis. 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether the claimant is currently employed. *Id.* Second, the Commissioner determines whether the claimant has an impairment that prevents the performance of basic work activities. *Id.* Third, the Commissioner determines whether the claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. *Id.* Fourth, the Commissioner determines whether the claimant's impairment prevents him from satisfying the physical and mental demands of his past work. *Id.* Fifth, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work in the economy. Under this sequential analysis, the Commissioner's duty ends as soon as he is capable of determining whether the claimant is disabled. *Id.* § 404.1520(a) ("If we can find that you are disabled or not disabled at any point in the review, we do not review your claim further."); *accord id.* § 416.920(a).

## III. DISCUSSION

French asserts that the decision of the administrative law judge is legally erroneous and not based on substantial evidence because the administrative law judge failed to (1) evaluate properly French's subjective complaints of pain; (2) assess adequately the side effects of French's medications; (3) obtain the testimony of a vocational expert; and (4) consider the combined effects of French's alleged impairments. Pl.'s Mem. at 1.

### A. Subjective Complaints of Pain

After considering all of the evidence, including French's testimony at the November 25, 1998 hearing, the administrative law judge determined that French's subjective complaints of pain were "not fully credible, considering both medical and 'other' evidence (20 CFR 404.1529/416.929)." Tr. 28. This credibility determination was flawed, according to French, because the administrative law judge did not consider the factors required by the Code of Federal Regulations.[4] Pl.'s

---

4. These factors are: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medications; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures, other than treatment, used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Mem. at 7–8 (citing 20 C.F.R. §§ 404.1529[c][3], 416.929[c][3] ). The crux of French's argument appears to be that the administrative law judge focused on French's testimony about his daily living activities to the exclusion of other evidence, particularly the objective medical reports. *Id.* at 8–9. This argument is not borne out by the record.

 The Commissioner must consider a claimant's subjective testimony of pain if there is evidence of an underlying medical condition and either (1) objective medical evidence exists that confirms the severity of the pain or (2) the objectively determined medical condition could reasonably be expected to produce the alleged pain. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir.1995) (per curiam); *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir.1986); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir.1986) (per curiam). Once a claimant establishes through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce pain, sections 404.1529 and 416.929 provide that the Commissioner must consider evidence about the intensity, persistence, and functionally limiting effects of pain in deciding the issue of disability. *Foote*, 67 F.3d at 1561.

 In the instant case, the medical record includes evidence of an underlying medical condition that could reasonably be expected to produce pain. Indeed, the administrative law judge acknowledged that French experienced some amount of pain. Tr. 26 ("I find the claimant partially credible concerning his pain . . . .").[5] The record supports the administrative law judge's finding, however, that the *degree* of pain described by French was not entirely credible when considered in light of all the

evidence. *Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir.1987) (per curiam). Although the medical evidence indicates that French experiences lower back pain, there is also evidence that he can perform a wide range of daily activities, including cooking, driving, grocery shopping, and swimming. Tr. 27, 59–61, 63, 68–69. Furthermore, the medical record shows that French's range of motion in his back, neck, shoulders, and knees is only mildly limited and that the degenerative changes to his lumbar spine are mild. Tr. 211, 219, 250. A medical consultant who conducted a physical residual functional capacity assessment of French in June 1997 stated that French's alleged symptoms "are out of proportion" to his physical exam. Tr. 289. In February 1998, a second medical consultant concurred that French's "symptoms of low back pain are credible," but that "the severity he is claiming is not supported by the physical exam." Tr. 273. These medical consultants, and a third who examined French in July 1998, agreed that French had the ability frequently to lift up to twenty-five pounds and occasionally to lift up to fifty pounds. Tr. 269, 277, 285. They also found that French could stand and walk for about six hours in an eight-hour work day and that he could sit for about six hours in an eight-hour work day. Tr. 269, 277, 285.

The conclusion of the administrative law judge that French's pain was not so disabling as significantly to have affected his residual functional capacity is therefore supported by substantial evidence in the record. The administrative law judge articulated explicit and adequate reasons for his decision not fully to credit French's testimony as to his pain. *Foote*, 67 F.3d at 1561–62; *Cannon v. Bowen*, 858 F.2d 1541,

---

**5.** As a result of this finding of partial credibility, the administrative law judge limited French to light work, rather than accepting the findings of two state agency consultants,

who indicated that French has the residual functional capacity to perform medium work. Tr. 26.

1545 (11th Cir.1988). The administrative law judge also identified inconsistencies between French's allegations of severe pain (a seven or eight on a scale of one to ten), the medical evidence, and French's relatively active lifestyle. Tr. 26–27. Weighing such conflicting evidence is a "task particularly suited to the fact finder." *Landry,* 782 F.2d at 1554 (quoting *Hand v. Heckler,* 761 F.2d 1545, 1549 n. 6 [11th Cir.1985], *vacated and reh'g en banc granted sub nom., Parker v. Heckler,* 774 F.2d 428 [11th Cir.1985]).

"A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote,* 67 F.3d at 1562 (citing *MacGregor v. Bowen,* 786 F.2d 1050, 1054 [11th Cir.1986]). This Court holds that substantial evidence supports the determination of the administrative law judge that French's subjective complaints of pain were not wholly credible.

**B. Side Effects of Medications**

■■ French argues that the administrative law judge had an obligation to ensure that French had a full and fair hearing by developing the record on the side

effects of his medications. Pl.'s Mem. at 9–10. French does not assert that the administrative law judge should have considered these side effects as an element of his credibility determination,[6] but rather that the administrative law judge should have determined whether French's medications *themselves* render French disabled, or at least contribute to his disability. *Id.* at 10. In *Cowart v. Schweiker,* 662 F.2d 731 (11th Cir.1981), the Eleventh Circuit recognized that an administrative law judge may have a duty to investigate the possible side effects of medications taken by a social security claimant as an element of her disability analysis, *id.* at 737 (citing 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.00, and *Figueroa v. Sec'y of Health, Educ. & Welfare,* 585 F.2d 551 [1st Cir. 1978]). In *Cowart,* the claimant, who was unrepresented and had not waived her right to counsel, asserted that the side effects of her medications contributed to her disability and testified that as a result of taking her drugs, she was "kind of zonked most of the time." *Id.* In contrast, French was represented at the hearing[7] and did not allege at that time that the side effects of his medications contribute

---

**6.** Evaluation of the side effects of medications is one of the factors set forth by the regulations that an administrative law judge may consider in making his credibility determination. In the Eleventh Circuit, however, there is no requirement that all seven of these factors be discussed explicitly. *Compare Foote,* 67 F.3d at 1560 (describing parameters of credibility determination in the Eleventh Circuit), *Mason,* 791 F.2d at 1462 (same), *and Landry,* 782 F.2d at 1553 (same), *with Avery v. Sec'y of Health & Human Servs.,* 797 F.2d 19, 28–29 (1st Cir.1986) (establishing that in developing evidence of pain or other symptoms, the administrative law judge must consider six factors that are equivalent to those set forth in 20 C.F.R. §§ 404.1529[c][3], 416.929[c][3]), *and Bazile v. Apfel,* 113 F.Supp.2d 181, 188 (D.Mass.2000) ("It is insufficient for the administrative law judge to consider 'most' of the *Avery* factors. All six

must be given consideration."). Therefore, it is not reversible error that the administrative law judge did not expressly mention the side effects of French's medications in his credibility determination.

**7.** Although the duty of the administrative law judge to develop a full and fair record exists even when a claimant is represented by counsel, the basic obligation to develop a full and fair record rises to a special duty "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" when a claimant is unrepresented. *Cowart,* 662 F.2d at 735 (quoting *Cox v. Califano,* 587 F.2d 988, 991 [9th Cir.1978]). Because French was represented at the hearing, the duty of the administrative law judge did not rise above his basic obligation to develop a full and fair record.

to his disability. *See, e.g., Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so."). Moreover, the only indication in the entire record of the side effects of French's medications is his statement before the administrative law judge implying that his pain medication makes him "groggy." .Tr. 64. The determination by the administrative law judge of how much weight to accord this assertion was colored by other evidence, such as French's testimony that he has an alternate medication that he can use while driving, Tr. 64, and the notable absence in French's medical records of any complaints by French about side effects of his medications. Nor does the record indicate that any of the many doctors that examined and treated French was concerned about the potential side effects of his medications. Under the circumstances, the failure of the administrative law judge to inquire further into possible side effects did not deprive French of a meaningful opportunity to be heard. *Swindle v. Sullivan,* 914 F.2d 222, 226 (11th Cir.1990) (per curiam); *see also Passopulos v. Sullivan,* 976 F.2d 642, 648 (11th Cir.1992) (holding that when the administrative law judge did not have any evidence that the claimant was taking medication that caused side effects, the claimant's argument that the administrative law judge failed to elicit testimony or make findings on the effect of medications and their side effects was without merit); *Holley v. Chater,* 931 F.Supp. 840, 850 (S.D.Fla.1996) (holding that claimant's testimony that his medication made him "dizzy" and "drowsy" was insufficient, standing alone, to support finding of disability).

### C. Vocational Testimony

■ "[T]he ultimate burden of proving disability is on the claimant," and the "claimant must establish a prima facie case by demonstrating that he can no longer perform his former employment." *Freeman v. Schweiker,* 681 F.2d 727, 729 (11th Cir.1982) (per curiam); *see also Walden,* 672 F.2d at 838; *Cowart,* 662 F.2d at 735–36. Once the claimant shows that he can no longer perform his past employment, the burden shifts to the Commissioner "to prove by a preponderance of the evidence that there are jobs in substantial numbers in the economy which the claimant can perform despite the impairment." *Gibson,* 762 F.2d at 1518; *see also Freeman,* 681 F.2d at 729; *Cowart,* 662 F.2d at 736.

■ In determining whether a claimant has satisfied his initial burden of proving disability, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history. *Tieniber,* 720 F.2d at 1253; *see also* 20 C.F.R. § 416.912. In the instant case, the administrative law judge considered these factors and concluded that the evidence was sufficient to support a decision that French retained the residual functional capacity to perform light work, including his past work as a truck driver. Tr. 26–28. Therefore, the analysis of the administrative law judge ended with his finding that French did not satisfy his burden of making out a prima facie case of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Macia,* 829 F.2d at 1012. The burden never shifted to the Commissioner to prove by a preponderance of the evidence that French was able to perform other jobs that exist in substantial numbers in the national economy. *Gibson,* 762 F.2d at 1518; *Cowart,* 662 F.2d at 736. Because the Commissioner was not responsible for proving that other jobs remained available to French, there is simply no reason, either legally or practically, for

the administrative law judge to have solicited testimony from a vocational expert. Thus, the cases that French cites, in which an administrative law judge was required to obtain testimony from a vocational expert, are simply inapposite. *See* Pl.'s Mem. at 11–12 (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 [11th Cir.1992] [per curiam]; and *Swindle*, 914 F.2d at 226). The testimony of a vocational expert is only recommended to determine whether a claimant's residual functional capacity permits him to do other work once he has shown that he cannot return to his past work.[8] *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir.1987) (citing *Chester v. Bowen*, 792 F.2d 129, 131–32 [11th Cir.1986] [per curiam]). Such is not the case here.

### D. Combined Effect of Impairments

█ French correctly asserts that the administrative law judge must consider not only the disabling effects of each of his individual impairments, but also their combined effect. *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir.1991) (per curiam) (citing *Hudson v. Heckler*, 755 F.2d 781, 785 [11th Cir.1985] [per curiam]); *Wiggins*, 679 F.2d at 1392. In *Bowen v. Heckler*, 748 F.2d 629 (11th Cir.1984), the Eleventh Circuit stated that:

> [W]here … a claimant has alleged a multitude of impairments, a claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the Administrative Law Judge to make specific and well articulated findings as to the effect of the combination of impairments and to decide whether

the combined impairments cause the claimant to be disabled.

*Id.* at 635.

█ In the instant case, the record indicates that the administrative law judge satisfied this duty by fully evaluating French's impairments, both individually and in combination. The administrative law judge considered French's conditions at length and made specific and well-articulated findings as to the effect of the combination of impairments. Tr. 25–26, 28; *Bowen v. Heckler*, 748 F.2d at 635. The administrative law judge stated explicitly that the medical evidence did not establish the existence of an impairment or a combination of impairments that rendered French disabled under the Social Security Act. Tr. 26 (stating "[a]fter carefully considering all the evidence, including the testimony of the claimant and the effect of the impairments individually and combined"); Tr. 28 ("[H]e does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4."). The Eleventh Circuit has held that use of such explicit language by the administrative law judge in this case is sufficient to meet the requirement of considering impairments in combination. *Jones*, 941 F.2d at 1533 (citing *Wheeler v. Heckler*, 784 F.2d 1073, 1076 [11th Cir.1986] [per curiam]); *Holley*, 931 F.Supp. at 850.

Substantial evidence in the record supports the finding of the administrative law judge that French is not disabled as a result of multiple impairments acting in concert.

---

8. Furthermore, contrary to French's assertions, the testimony of a vocational expert is not always required, even after the burden has shifted to the Commissioner. *Cowart*, 662 F.2d at 736 ("[T]here is no per se rule that a vocational expert be called to testify."). In some instances, the Commissioner can satisfy his burden through a straightforward application of the Medical–Vocational Guidelines (the "grids"). Only if the grids are inapplicable must the Commissioner seek expert vocational testimony. *Foote*, 67 F.3d at 1559.

1340

### IV. CONCLUSION

The decision of the Commissioner is supported by substantial evidence in the record and the proper application of legal standards. It is therefore AFFIRMED.

---

1. Kenneth S. Apfel was the original defendant in this action. On January 20, 2001, he was succeeded by William A. Halter. On March 29, 2001, President George W. Bush designated Larry G. Massanari as acting commissioner of the Social Security administration. The named defendant in this action has changed accordingly. Fed.R.Civ.P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency … ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party."); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").