[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10340
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-20275-JIC


WANDA YOLANDA FURS-JULIUS,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee,

OFFICE OF DISABILITY ADJUDICATION AND REVIEW,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 5, 2015)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Wanda Furs-Julius, proceeding pro se, appeals the district court's order affirming the Social Security Administration's (SSA) denial of her applications for a period of disability and disability insurance benefits, *see* 42 U.S.C. § 405(g), and for supplemental security income, *id.* § 1383(c)(3). On appeal, Furs-Julius asserts that the Administrative Law Judge (ALJ) improperly weighed testimony concerning her "long term blood cancer" and failed to consider an allegation concerning an emergency-room visit.[1] Upon careful review of the record and the parties' briefs, we affirm.

## I.

The Commissioner of Social Security uses a five-step evaluation process to determine whether a claimant is disabled. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). If the claimant does not have a severe impairment or combination of impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). We review the Commissioner's decision[2] for

---

[1] Furs-Julius has abandoned, by failing to address on appeal, the ALJ's findings that: (1) she had engaged in substantial gainful activity since her alleged disability onset date; (2) a mass in her breast was not a severe impairment; and (3) her neck and back pain did not meet or equal a listed impairment. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (noting that, despite our liberal construction of pro se filings, "issues not briefed on appeal by a pro se litigant are deemed abandoned").

[2] The Appeals Council denied Furs-Julius's request for review, making the ALJ's decision—issued after an administrative hearing at Furs-Julius's request—the final decision of the Commissioner.

substantial evidentiary support and proper legal bases. *See Winschel*, 631 F.3d at 1178.

Substantial evidence requires "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). On appeal, "[w]e may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Id.* (internal quotation marks omitted). "Even if the evidence preponderates against the [administrative agency's] factual findings, we must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). We will not consider arguments that were not raised before the administrative agency or the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (per curiam).

## II.

Furs-Julius first argues the district court erred in affirming the ALJ's decision because the ALJ did not properly weigh her testimony that blood transfusions have resulted in "a genuine long term blood cancer." To the extent we can construe that argument as referring to Furs-Julius's claims of anemia, the ALJ correctly determined that her anemia was not severe and did not affect her ability to work. The ALJ based this determination on substantial evidence, including treatment notes and lab work showing that Furs-Julius required only one

3

transfusion; a lack of evidence suggesting that she would require additional blood transfusions; a lack of evidence that her anemia met the 12-month durational requirement for severity under the Act; and no evidence demonstrating that her anemia causes any more than minimal functional limitations on her ability to work. *See Winschel*, 631 F.3d at 1178.  Although Furs-Julius argues that the ALJ did not properly weigh her testimony, we cannot reweigh the evidence on appeal.  *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (per curiam).  The ALJ's findings were supported by substantial evidence and are consistent with the applicable legal standards; as such, the findings are conclusive, and we must affirm.  *See, e.g.*, *Bridges v. Bowen*, 815 F.2d 622, 626 (11th Cir. 1987) (per curiam).

Next, Furs-Julius avers that "the courts failed to consider record evidence that she flat[-]lined . . . [and was] pronounced dead upon arrival to the emergency room."  However, this argument does not entitle her to relief.  Furs-Julius did not raise the argument before the ALJ, and we find no support for this assertion in the administrative record.  *See Kelley*, 185 F.3d at 1215.  Further, even if we could consider this contention and accepted it as true, it does not demonstrate that Furs-Julius has any additional work-related limitations not considered by the district court or the ALJ; thus, we would still have no basis to overrule the district court's

4

judgment affirming the ALJ's determination that Furs-Julius is not disabled.  *See*

*Winschel*, 631 F.3d at 1178; *Bridges*, 815 F.2d at 626.

## III.

For the reasons set forth above, we affirm the district court's decision.[3]

**AFFIRMED.**

---

[3] The Motion to Participate in Oral Argument is **DENIED.**